### JOHN BOQUA *against* ANDREW WARE.

When a plaintiff moves for judgment upon a *postea*, which states that the defendant made default at the circuit, and this motion is opposed upon the ground, that notice of trial was not served, proof of due notice may be made, either at the circuit or at bar.

Upon the coming in of the *postea* in this case, whereby it appeared that the defendant made default at the circuit.

*Jeffers* moved for judgment thereon.

*Armstrong* objected to this motion, and contended, that plaintiff's attorney, to entitle him to judgment, ought to prove due service of notice of trial. He alleged, that notice of trial had not been duly served on the defendant's attorney, and, therefore, moved for a rule to shew cause why the verdict should not be set aside.

*Jeffers* said, that the cause had been regularly noticed, and brought down to the circuit for trial; that the cause was tried, and a judgment obtained, in the presence of the attorney on record, without his making any objection to the service of the notice.

KIRKPATRICK, C. J. The real question between you is, where the notice of trial must be proved, whether at the circuit or at bar.

The Chief Justice then asked Mr. *Wall*, as *amicus curiæ*, what the practice was?

*Wall* said, it was customary to prove it at bar.

Mr. *L. H. Stockton*, being then called on for his opinion, said, he thought the recent course of practice was to prove it at bar.

KIRKPATRICK, C. J. There appears to be some incongruity in that, but I believe that is the practice.

FORD, J. said, that it had been the practice when it was usual to try causes upon the *nisi prius* record, *curiæ advisare vult.*

At a subsequent day during the term,

KIRKPATRICK, C. J. said, the court had conferred upon this case, and were of opinion, that if the party appeared at the circuit and made objection to the notice, the judge at the circuit might hear and determine it; but if the party did not appear at the circuit and make objection, he might take the objection at the bar; and, therefore, it might be done either way.

FORD, J. There has been doubt as to the former practice; but on a judgment by default there could be no argument, and there it *must* be settled at the bar. But where the question arises, and is discussed, at the circuit, and the opinion of the judge is, that the notice is regular, there the judgment cannot be entered as by default, but in the usual manner; and then the question cannot arise at the bar. The question of notice in this case is now open. The plaintiff may be admitted to prove notice, because that question did not arise, and was not discussed at the circuit.